# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | | |
|---|---|---|
| **BARANKO ENTERPRISE, INC.** ) | | **Chapter 11** |
| ) | | **Case No. 18-31638** |
| ) | | |
| ) | | |
| **Debtor.** ) | | |
| ) | | |

### STIPULATION CONDITIONALLY GRANTING RELIEF FROM STAY

**NOW COMES** the above-captioned debtor, BARANKO ENTERPRISE, INC (the "BARANKO") and Y2 YOGA COTSWOLD, LLC ("Y2"); by and through the undersigned counsel, and in consideration of this Stipulation, hereby state as follows:

1. Baranko filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code in this Court on October 31, 2018 (the "Petition Date"). Baranko continues in possession of its properties and the management of its business as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code

2. On October 2, 2018, in the case entitled *In re Vinroy Reid*, W.D.N.C. Case No. 18-31436 (the "Ch. 13 Case"), the following matters came before the Court: i)  the Emergency Motion for Relief from Automatic Stay for Order Allowing Creditor Y2 Yoga Cotswold, LLC to Proceed with State Court Litigation and Motion for Mandatory or Permissive Abstention ("Motion for Relief")  [Doc. 6 (filing date September 27, 2018)]; ii) the Debtor's Motion to Extend Automatic Stay ("Motion to Extend") [Doc. 7 (filing date September 27, 2018)]; iii) the Motion of Spend Management Solutions, LLC (for Preliminary Injunction [Doc. 9 (filing date September 27, 2018)] ("SMS Motion"); iv) the Supplemental Emergency Motion for Relief from Automatic Stay for Order Allowing Creditor Y2 Yoga Cotswold, LLC to Proceed with State

Court Litigation; Motion for Mandatory or Permissive Abstention, Response to Debtor's Motion to Extend Automatic Stay to Non-Debtor Entities Owned 100% by Debtor, Motion to Show Cause as to Debtor's Eligibility for Chapter 13 Relief, Motion to Dismiss or Strike Petition ("Supplemental Motion") [Doc. 17 (filing date September 28, 2018)]; and v) the Debtor's Response and Request for Hearing [Doc. 22 (filing date October 1, 2018)] (collectively the "Motions").

3.  All of the Motions were heard pursuant to orders allowing the time periods for the notices of hearing to be shortened.

4.  Based on the pleadings and the arguments of counsel for Y2, the Debtor and Spend Management Solutions, LLC ("SMS") in the CH. 13 Case, the Court made the following findings of fact:

   a. As of the time the Motions were filed and as of the date of the hearings, a jury trial was being conducted in Mecklenburg County by Superior Court Judge Donnie Hoover concerning a complaint filed by Y2 in 2016. The defendants in the pending state court litigation include the Debtor, VR Investments, LLC, VR King Construction, LLC and Baranko Enterprise, Inc. (collectively, the "Corporate Debtors"), and one corporate entity which is not related to the Debtor. The factual basis for Y2's state court complaint, involving a construction project, is described in more detail in Y2's Second Amended Verified Complaint (the "Complaint") attached to the Motion for Relief as Exhibit A.
   b. Y2's claims for relief in the state court litigation include (but are not limited to) non-core breach of contract, fraud, fraudulent transfers, alter ego, piercing the corporate veil, conversion, unfair and deceptive trade practices and breach of fiduciary duty.
   c. All parties have extensively prepared for the state court trial. The Debtor filed his bankruptcy petition on Friday, September 21, 2018, after all jurors (except two alternates) had been selected. Judge Hoover allowed the trial to proceed with the Debtor acting only in the capacity of a fact witness, pending a ruling by this Court on the Motion for Relief. Judge Hoover stated that the trial would go forward, but that due to the automatic stay in bankruptcy, the Plaintiff should not proceed to judgment against Mr. Reid as long as he was protected by the automatic stay. As of the hearing date, the state court jury had heard five days of witness testimony.
   d. Y2 sought in its Motion an Emergency Order allowing Superior Court Judge Hoover to proceed with the jury trial as to all parties, including the Debtor, and to enter final judgment as to all parties with respect to all issues in the Complaint.

   e. After the hearing on the Motions, Y2 indicated that it would withdraw the Supplemental Motion.

5. Based on the forgoing findings of fact, the Court made the following Conclusions of Law:

   a. Pursuant to 28 U.S.C. §§ 157 and 1334, this Court has jurisdiction over this matter, which is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).
   b. The stay operates to protect a debtor from his creditors, and all post-petition actions taken against a debtor are violations of the stay. *Grady v. A.H. Robins Co., Inc.*, 839 F.2d 198, 200 (4th Cir. 1988). Although the stay is an important protection for a debtor, its application in a particular case is not beyond the discretion and authority of the court. Section 362(d)(1) provides that the bankruptcy court shall grant relief from the stay for "cause." 11 U.S.C. § 362(d)(1). The Bankruptcy Code does not define cause; instead, it is determined by the court on a case-by-case basis. *Claughton v. Mixson*, 33 F.3d 4, 5 (4th Cir. 1994); *Ivester v. Miller*, 398 B.R. 408, 425 (M.D.N.C. 2008).
   c. In determining whether the relief sought in the Motion for Relief should be granted, this Court is bound by the Fourth Circuit's decision in *Robbins v. Robbins (In re Robbins)*, 964 F.2d 342 (4th Cir. 1992). The *Robbins* court articulated three factors that could be considered in determining if cause existed to annul the automatic stay. The Fourth Circuit stated in *Robbins* that "factors that courts consider in deciding whether to lift the automatic stay include": (1) whether the case involves only state law so that the expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in the bankruptcy court; and (3) whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court. *Robbins*, 964 F.2d at 345.
   d. As to the first factor, the Complaint clearly concerns issues of state law and the expertise of this Court is not necessary.
   e. As to the second factor, modifying the stay will promote judicial economy. Continuing the stay as to the state court litigation with create substantial delay, as the trial on the Complaint as to the Debtor would essentially have to start all over again. The jury is already empaneled and hearing testimony. For these same reasons, there would be greater interference with the bankruptcy case if the stay were not lifted.
   f. As to the third factor, this Court can properly protect the bankruptcy estate by requiring that the enforcement of any judgment in favor of Y2 will be solely within the jurisdiction of this Court.
   g. Nothing herein shall prevent the Debtor and/or the defendant entities related to him from challenging any lien, inchoate or otherwise, asserted by the Plaintiff/Y2.

6. Based upon the foregoing, on October 31, 2018, the Court held and entered an Order (the "Partial Stay Relief Order") [Doc. No. 48] with the following language:

   a. Y2's Motion for Relief should be and hereby is granted for the purpose of allowing Y2 to determine its claims, if any, in the state court litigation, and Y2's withdrawal of the Supplemental Motion is allowed;

   b. The Debtor's Motion to Extend is denied;

   c. The SMS Motion is denied as being moot;

   d. To the extent that Y2 obtains a judgment against the Debtor or any of the other defendants, Y2 is required to seek enforcement of such judgment through this Court; and

   e. This Order is effective immediately and the 10-day stay period under Rule 4001(a)(3) is waived.

  7. For judicial efficiency, without waiving any claims, defenses, rights in the bankruptcy cases involving the Corporate Debtors, the parties hereby stipulate to the Partial Stay Relief Order entered in the Ch. 13 Case which allows the Y2 to liquidate its claim, if any, against the Debtor, the Corporate Debtors and SMS. The liquidation of Plaintiff's claim is for the sole purpose of determining the amount, if any, of the Plaintiff's claim. The bankruptcy court retains jurisdiction to determine the allowance of claims against the estate. Accordingly, Plaintiff must seek enforcement by the bankruptcy court of any rulings entered in state court.

***[SIGNATURES ON FOLLOWING PAGE]***

**STIPULATED AND CONSENTED TO BY:**

**THE HENDERSON LAW FIRM, PLLC**   **SODOMA LAW, P.C.**

*/s/ James H. Henderson*
James Henderson
1120 Greenwood Cliff
Charlotte, NC 28204
Telephone: (704)-333-3444
*Counsel for Y2 Yoga*

   */s/ John C. Woodman*
John C. Woodman
211 East Blvd.
Charlotte, NC 28203
Telephone: (704)442-0000
*Counsel for the Corporate Debtors*

**R. KEITH JOHNSON , P.A.**

  */s/ R. Keith Johnson*
R. Keith Johnson
1275 S. Hwy 16 Business
Charlotte, NC 28164
Telephone: (704) 827-4200
*Counsel for the Individual Debtor*